Revised 01/2012

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
OCT 10 2013
U.S. BANKRUPTCY COURT
BY_____ DEPUTY

IN RE:

Bertha Isabel Cervantes          5:05-80003

Debtor (s)                        Bankruptcy Case No.

APPLICATION FOR PAYMENT OF DIVIDEND FROM UNCLAIMED FUNDS

Comes now the Claimant identified below, through its attorney in fact, Dilks & Knopik, LLC, to make application for an Order authorizing payment of unclaimed funds now on deposit in the Treasury of the United States for the benefit of Claimant. Claimant was a creditor in the above captioned bankruptcy case and has not received payment of these funds, which are due and owing to the Claimant. Claimant further shows that Clamant is:

| | |
|---|---|
| NAME OF CLAIMANT: | Denovus Corporation, Ltd. |
| PHONE NUMBER  724-250-9162     LAST FOUR DIGITS OF SOCIAL SECURITY NO: | 4822 |
| ADDRESS: | 480 Johnson Road  Meadow Pointe Plaza II, Suite 110 |
| | Washington, PA 15301 |
| MAILING ADDRESS: | 35308 SE Center St |
| | Snoqualmie, WA 98065 |
| PHONE NUMBER: | 724-250-9162 |

and that a dividend in the amount of $238.04 was awarded in this case to TRUELOGIC FINANCIAL CORP, creditor, which dividend is currently unclaimed and held by the Clerk of Court.

The original disbursement was not presented for payment within 90 days after issuance because:

> Denovus Corporation, Ltd did not receive the original disbursement check due to the check being sent to the former collection agent True Logic Financial Corporation. True Logic Financial Corporation was the collection agent who filed proof of claim #18 on behalf of Mile Rock Holdings LLC assignee of Washington Mutual Finance, as evidenced by the Proof of Claim. Pursuant to Proof of Claim #18 Mile Rock Holdings, LLC was the assignee of the credit card account originally owned by Washington Mutual Finance. Mile Rock Holdings, LLC sold and assigned the above referenced account to Pallino Receivables III, LLC on July 28, 2006, as evidenced by Exhibit A. Pallino Receivables III, LLC sold and assigned the above referenced account to Valorem, LLC on April 18, 2008, as evidenced by Exhibit B. Valorem LLC sold and assigned the above referenced account to Denovus Corporation, Ltd on December 29, 2009, as evidenced by

Revised *01 2012*

> Exhibit C. Denovus Corporation, Ltd is the current and rightful owner of the above referenced account and this claim has not been sold or assigned. It is still the property of Denovus Corporation, Ltd, as evidenced by Exhibit D. Denovus Corporation, Ltd has checked their internal system and has sworn on the penalty of perjury that the above referenced account is due and owing to Denovus Corporation, Ltd.

Dilks & Knopik, LLC certifies under penalty of perjury that all statements made by Claimant and/or Dilks & Knopik, LLC in this application and any attachments required for this Application are, to the best of its knowledge, true and correct. Accordingly, Claimant and Dilks & Knopik, LLC request the Court to enter an Order authorizing payment of the pro rata dividend due upon this claim.

October 3, 2013
DATE

Brian J. Dilks, Managing Member
Dilks & Knopik, LLC
Attorney in Fact for
Denovus Corporation, Ltd.
35308 SE Center St
Snoqualmie, WA 98065
(425) 836-5728
admin@dilksknopik.com


## NOTARY ACKNOWLEDGEMENT

State of Washington)
County of King)

On  10/3/2013  before me, Brian J. Dilks, personally appeared, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person (s) whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

Signature: _____

Andrew T. Drake, Notary Public
My commission expires on August 9, 2015

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:

Bertha Isabel Cervantes                    5:05-80003

Debtor (s)                                 Bankruptcy Case No.

## CERTIFICATE OF SERVICE OF APPLICATION
## ON U.S. ATTORNEY

Notice is hereby given that on October 3, 2013 a copy of the Application for Release of Unclaimed Funds was served on the U.S. Attorney for the Western District of Texas by U.S. Mail at the following addresses:

San Antonio Division
US Attorney
601 NW Loop 410, Suite 1200
San Antonio, TX 78216

Date: October 3, 2013

_____
Brian J. Dilks
Dilks & Knopik, LLC
Attorney in Fact for
Denovus Corporation, Ltd.

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RE: Bertha Isabel Cervantes | ) | Case: 5:05-80003 |
| | ) | |
| | ) | **AUTHORITY TO ACT** |
| | ) | **Limited Power of Attorney** |
| | ) | **Limited to one Transaction** |
| Debtor(s) | ) | |

### USED ONLY TO COLLECT FUNDS FROM THE ABOVE REFERENCED CASE

1. **Denovus Corporation, Ltd.** with a tax identification number of **25-1834822**, ("CLIENT"), appoints **Dilks & Knopik, LLC** ("D&K"), as its lawful attorney in fact for the limited purpose of recovering, receiving and obtaining information pertaining to the outstanding tender of funds in the amount of **$238.04** (the "FUNDS"), including the right to collect on CLIENT's behalf any such funds that are held by a governmental agency or authority.

2. CLIENT grants to D&K the authority to do all things legally permissible and reasonably necessary to recover or obtain the FUNDS held by the governmental agency or authority. This limited authority includes the right to receive all communications from the governmental agency or authority and to deposit checks payable to CLIENT for distribution of the FUNDS to CLIENT, less the fee payable to D&K pursuant to and in accordance with its agreement with CLIENT.

3. D&K may not make any expenditure or incur any costs or fees on behalf of CLIENT without CLIENT's prior written consent.

4. This Authority to Act shall become effective on the below signed date and shall expire upon collection of the aforementioned FUNDS. I authorize the use of a photocopy of this Limited Power of Attorney in lieu of the original.

_____  _____9-13-2013_____, 20___
Edward L. Torchia - Executive Vice President   Date

| Staple Signatory's Business Card Here | Affix Corporate Seal Below |
|---|---|
| | |

### ACKNOWLEDGMENT

STATE OF PENNSYLVANIA)

COUNTY OF WASHINGTON)

On this 13th day of September, 2013, before me, the undersigned Notary Public in and for the said County and State, personally appeared (name) Edward L. Torchia known to me to be the person described in and who executed the foregoing instrument, and who acknowledged to me that (circle one) he/she did so freely and voluntarily and for the uses and purposes therein mentioned.
WITNESS my hand and official seal.
NOTARY PUBLIC _____

Residing at 480 Johnson Rd Ste 110 Washington PA

My Commission expires April 17, 2016

```
NOTARIAL SEAL
TERESA L JOHNSON
Notary Public
WASHINGTON CITY, WASHINGTON COUNTY
My Commission Expires Apr 17, 2016
```

**DENOVUS** Corporation, Ltd.

**Edward L. Torchia**
Executive Vice President

Phone: 724•250•9162
Fax: 724•250•1971
Email: ETorchia@DenovusLtd.com

480 Johnson Road
Meadow Pointe Plaza II, Suite 110 • Washington, PA 15301

## STATEMENT OF AUTHORITY

The undersigned being first duly sworn and states that Edward L. Torchia is the Executive Vice President of Denovus Corporation, Ltd.. Edward L. Torchia is authorized to execute and deliver all documents pertaining to the recovery of Unclaimed, Lost or Abandoned Property owing to Denovus Corporation, Ltd. or its subsidiaries. I further acknowledge that an Application for Unclaimed Funds will be or has been submitted c/o Dilks & Knopik, LLC to the above bankruptcy court to release funds owing to Denovus Corporation, Ltd..

By: _Marcia McFadyen_ Dated 9/13/13
Marcia McFadyen – President

480 Johnson Road Meadow Pointe Plaza II, Suite 110
Washington, PA 15301

STATE OF PENNSYLVANIA,

COUNTY OF WASHINGTON,

On September 13, 2013 before me, personally appeared Marcia S McFadyen personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

_Teresa L Johnson_
Notary Public

(SEAL)

My commission expires on April 17, 2016

NOTARIAL SEAL
TERESA L JOHNSON
Notary Public
WASHINGTON CITY, WASHINGTON COUNTY
My Commission Expires Apr 17, 2016

**DENOVUS** Corporation

Marcia McFadyen
President

Phone: 724•250•1976
Fax: 724•250•1971
Email: MMcFadyen@DenovusLtd.com

480 Johnson Road
Meadow Pointe Plaza II, Suite 110 • Washington, PA 15301

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS

**Name of Debtor:** Bertha Isabel Cervantes
**Case Number:** 05-80003-rbk

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property): Washington Mutual Finance

**Name and Address where notices should be sent:**
TrueLogic Financial Corporation
P.O. Box 4238
Englewood, CO 80155-4238

**Telephone Number:** (866) 488-7299

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☑ Check box if the address differs from the address on the envelope sent to you by the court.

**Last four digits of account or other number by which creditor identifies debtor:** 1984865

☐ Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

### 1. Basis for Claim
☑ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed from _____ to _____

### 2. Date debt was incurred: 11/02/2000 - 3/31/2003

### 3. If court judgment, date obtained:

### 4. Classification of Claim.
**Unsecured Nonpriority Claim $3,260.86**
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority $ _____
Specify the priority of the claim
☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4)
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5)

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8)
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

### 5. Total Amount of Claim at Time Case Filed: $3,260.86 (unsecured) / (secured) / (priority) / $3,260.86 (Total)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

### 6. Credits:
The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

### 7. Supporting Documents:
Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

### 8. Date-Stamped Copy:
To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**Date:** 2/27/2006
**Signature:** Doug Seeley, EVP — [signed]

PO BOX 4437
ENGLEWOOD CO 80155-4437

RETURN SERVICE REQUESTED



**FINANCIAL CORPORATION**
Toll Free Tele: (866) 488-4299

February 27, 2006

TrueLogic Financial Corporation
PO BOX 4387
ENGLEWOOD CO 80155-4387

CERVANTES, BERTHA I.
318 CHERRY RIDGE
SAN ANTONIO, TX 78213

| ACCOUNT DETAIL | |
|---|---|
| Creditor: | WASHINGTON MUTUAL FINANCE |
| Present Owner: | MILE ROCK MASTER FUND I |
| Your Account Number: | FL040 03881630 |
| Client Reference Number: | 1984865 |
| Balance Due: | $3,260.86 |

\* Enclose the top portion of this notice with your payment and returning it in the enclosed envelope will expedite credit to your account \*

**\* \* \* ACCOUNT STATEMENT \* \* \***

| RETAIN FOR YOUR RECORDS | |
|---|---|
| Creditor: | WASHINGTON MUTUAL FINANCE |
| Present Owner: | MILE ROCK MASTER FUND I |
| Your Account Number: | FL040 03881630 |
| Client Reference Number: | 1984865 |
| Balance Due: | $3,260.86 |

This is a statement of your past due account that has been assigned to TrueLogic Financial Corporation for collection. If remitting payment please include the payment stub above and be sure your account number appears on your check or money order. All contacts and payments are to be made through this office to ensure proper posting.

If you are unable to pay this amount in full please contact our office at the number listed above. We are willing to make payment arrangements to resolve the outstanding balance.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Make your check or money order payable to the Name and Address listed above.

**Please see the back of this letter for IMPORTANT Consumer NOTIFICATION**

S-GLGFSC01 L-115 A-1984865

TrueLogic Financial Corporation \* 10000 E. Geddes Ave Suite 100 \* Englewood CO 80112 \* Toll Free Tele: (866) 488-4299

Proof of Claim
Page 2 of 2

BILL OF SALE AND ASSIGNMENT OF ACCOUNTS

This Bill of Sale and Assignment of Accounts is being executed and delivered pursuant to and in accordance with the terms and provisions of that certain Purchase and Sale Agreement made and entered into by and between Mile Rock Holdings, LLC, a Delaware limited liability company and Mile Rock Master Fund I Ltd., a Cayman Islands exempted company, (collectively, the "**Seller**") and Pallino Receivables III, LLC, a New Jersey limited liability company, ("**Buyer**") dated June 28, 2006, as amended on July 26, 2006 (the "**Agreement**"). Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Agreement. Seller hereby absolutely sells, transfers, assigns, sets-over and conveys to Buyer without recourse and without representations or warranties, express or implied, of any type, kind or nature except as set forth in Article VIII of the Agreement:

(a) all of Seller's right, title and interest in and to each of the Accounts identified in the Account schedule attached to the Agreement as Exhibit A;

(b) all principal, interest or other proceeds of any kind, net of any applicable third-party fees or expenses, with respect to the Accounts, but excluding any payments or other consideration received by or on behalf of Seller in respect of any date on or prior to the Cutoff Date, with respect to the Accounts;

(c) all of Seller's right, title and interest in and to each available Account Document, or other instrument evidencing an obligation to repay an Account and all supplements and amendments thereto; and

(d) the Computer File.

This Bill of Sale and Assignment of Accounts shall be governed by the laws of the State of New York, without regard to the conflicts-of-laws rules thereof.

DATED: July 28, 2006

SELLER:

MILE ROCK MASTER FUND I LTD.

By: _____
Name: William H. Owens
Title: Director

MILE ROCK HOLDINGS, LLC

By: _____
Name: William H. Owens
Title: Director of its Managing Member

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF ALAMEDA   )

On this 27 day of July, 2006, before me the undersigned officer, personally appeared William H. Owens, who acknowledged him/herself to be an authorized representative of Seller described

LEGAL_US_W # 54116243.1

Exhibit A

above, signer and sealer of the foregoing instrument, acknowledged the execution of the same to be his free act and deed as such officer and the free act and deed of Seller.

IN WITNESS WHEREOF, I hereunto set my hand.

*Sarah C Umbenhower*
Notary Public

SARAH C. UMBENHOWER
Commission # 1405643
Notary Public - California
Alameda County
My Comm. Expires Apr 5, 2007

LEGAL_US_W # 54118243.1

Exhibit A

## SECURED PARTY
## GENERAL CONVEYANCE AND BILL OF SALE

KNOW ALL PERSONS BY THESE PRESENTS that (a) in accordance with and pursuant to the terms of that certain Notice of Public Sale of Collateral, which was published in the national edition of The New York Times on April 2, 2008 (the "Notice of Sale") (capitalized terms used herein but not defined having the same meaning as in the Notice of Sale); (b) pursuant to and in exercise of the rights of **DRESDNER BANK AG, NEW YORK BRANCH** (together with its predecessors, successors and assigns, the "Secured Party") under (i) Article 9 of the Uniform Commercial Code("UCC"), as enacted in the State of New York, and (ii) the Security Agreement between Pallino Receivables III, LLC (the "Borrower") and the Secured Party, dated as of July 28, 2006 (as amended, modified or supplemented from time to time, collectively, the "Security Agreement") and the receivable financing agreement, promissory note and all other agreements, instruments and documents referred to in the Security Agreement or executed and delivered in connection with such Security Agreements (each as amended, modified, restated or supplemented from time to time and together with the Security Agreement hereinafter referred to collectively as the "Loan Documents"); (c) in consideration for the credit bid made at the Auction by Valorem LLC (the "Successful Bidder") of            of which          or            is attributable to the Collateral of the Borrower (the "Bid Price"); and (d) in exchange for payment of the Bid Price, without counterclaim, deduction, offset, recoupment or any charge or reduction and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Secured Party hereby grants, assigns, transfers, conveys and sets over to the Successful Bidder:

(a) all of the Borrower's and Secured Party's right, title and interest in and to each of the charged-off consumer receivables identified in the computer file attached hereto (the "Receivables");

(b) all principal, interest, fees and reimbursement obligations owed to Borrower and all other proceeds of any kind attributable to the Receivables, but excluding any payments or other consideration received by Secured Party on or prior to the date of the Auction, with respect to the Receivables (the "Proceeds");

(c) all of the Borrower's right, title and interest in and to each of the transfer agreements under which the Borrower and any prior seller acquired the rights and obligations underlying or constituting a part of the Receivables (collectively, the "Predecessor Transfer Agreements"); and

(d) all of the Borrower's right, title and interest in and to all books and records owned by any of the Borrowers pertaining to collection, management and validity of all of the Receivables, including, without limitation, all agreements, instruments, applications, statements, invoices, payment ledgers, correspondence, proofs of claim, title documents, computer files and other digital information and all documentation (irrespective of format) evidencing, relating or referring to the Receivables, to the extent available and in the actual possession of the Secured Party (collectively, the "Supporting Documentation", and with the Receivables,

17507442 07066568
Pallino - Bill of Sale (PIII)

Exhibit B

the Proceeds and Predecessor Transfer Agreements, collectively, the "Collateral").

TO HAVE AND TO HOLD the Collateral unto Successful Bidder, its successors and assigns, forever.

This Secured Party General Conveyance and Bill of Sale, and any claim or dispute of any kind or nature whatsoever arising out of or in any way relating hereto, shall be governed by and construed in accordance with the laws of the State of New York, without regard to any choice-of-law principle that would dictate the application of the laws of another jurisdiction.

PURSUANT TO SECTION 9-610(e) OF THE UCC, THE SECURED PARTY MAKES NO WARRANTY OR REPRESENTATION WITH RESPECT TO THE SUBJECT ASSETS, AND THE SUCCESSFUL BIDDER ACKNOWLEDGES BY ITS ACCEPTANCE HEREOF THAT IT IS ACCEPTING ALL OF BORROWER'S AND SECURED PARTY'S RIGHTS IN AND TO THE COLLATERAL "AS IS," "WHERE IS" AND WITHOUT IMPLIED OR EXPRESSED WARRANTY TO TITLE, POSSESSION, QUIET ENJOYMENT OR OF ANY KIND OR NATURE WHATSOEVER IN THIS DISPOSITION.

IN WITNESS WHEREOF, Secured Party has caused this instrument to be duly executed this 18th day of April, 2008.

DRESDNER BANK AG, NEW YORK BRANCH, as Secured Party

By: _____
Name: Walter F. Petzinger
Title: Authorized Signatory

By: _____
Name: _____
Title: _____

17507442 07066568
Pallino - Bill of Sale (PIII)

Exhibit B

ACCEPTED AND AGREED TO:

VALOREM LLC, as Successful Bidder

By: *(signature)*
Name: Thomas Brown
Title: Authorized Signatory

By: *(signature)*
Name: Brian Smith
Title: Authorized Signatory

17507442 07066568
Pallino - Bill of Sale (PIII)

Exhibit B

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

On the 18th day of April, 2008, before me personally came Walter Petzinger and Christopher Williams, each of whom are known to me, who being by me duly sworn, did depose and say that he is an authorized signatory of **DRESDNER BANK AG, NEW YORK BRANCH** of the New York and Grand Cayman branches of the banking organization described in and which executed the foregoing instrument; and that he signed his name thereto by order of the board of directors of said banking organization.

                                                           *Monique J. Mulcare*
                                                           Notary Public

                                            **MONIQUE J. MULCARE**
                                            Notary Public, State of New York
                                            No. 0906218
                                            Qualified in New York County
                                            Certificate Filed in Queens County
                                            Commission Expires November 30, 2010

17507442 07066568
Pallino - Bill of Sale (PHI)

Exhibit B

## GENERAL CONVEYANCE AND BILL OF SALE

KNOW ALL PERSONS BY THESE PRESENTS that VALOREM LLC (together with its predecessors, successors and assigns, "Seller") in exchange for the payment by DENOVUS CORPORATION, LTD. ("Buyer") of _____ without counterclaim, deduction, offset, recoupment or any charge or reduction, and for other good and valuable consideration as set detailed in the Purchase and Sale Agreement (as defined hereinafter) (such cash and consideration collectively, the "Purchase Price"), the receipt and sufficiency of which are hereby acknowledged, Seller hereby grants, assigns, transfers, conveys and sets over to Buyer:

(a) all of its right, title and interest in and to each of the charged-off consumer receivables identified in Schedule I attached hereto (the "Receivables");

(b) all principal, interest or other proceeds of any kind with respect to the Receivables, but excluding any payments or other consideration received by or on behalf of Seller prior to the Cutoff Date, with respect to the Receivables (collectively, the "Proceeds");

(c) all of its right, title and interest in and to each of the transfer agreements under which any prior seller acquired the rights and obligations underlying or constituting a part of the Receivables (collectively, the "Predecessor Transfer Agreements"); and

(d) all of its right, title and interest in and to all books and records held by it or any prior seller pertaining to collection, management and validity of all of the Receivables, including, without limitation, all agreements, instruments, applications, statements, invoices, payment ledgers, correspondence, proofs of claim, title documents, computer files and other digital information and all documentation (irrespective of format) evidencing, relating or referring to the Receivables, to the extent available and in the actual possession of the Seller (collectively, the "Supporting Documentation", and with the Receivables, the Proceeds, and Predecessor Transfer Agreements, collectively, the "Subject Assets").

In connection with this Bill of Sale, Buyer and Seller have executed that certain Purchase and Sale Agreement, dated December 29, 2009, (the "Purchase and Sale Agreement"). The Subject Assets are being conveyed hereby subject to the terms, conditions and provisions set forth in the Purchase and Sale Agreement.

TO HAVE AND TO HOLD the Subject Assets unto Buyer, its successors and assigns, forever.

This General Conveyance and Bill of Sale, and any claim or dispute of any kind or nature whatsoever arising out of or in any way relating hereto, shall be governed by and construed in accordance with the laws of the State of New York, without regard to any choice-of-law principle that would dictate the application of the laws of another jurisdiction.

Exhibit C

PURSUANT TO SECTION 9-610(e) OF THE UCC (AS ENACTED IN THE STATE OF NEW YORK) SELLER MAKES NO WARRANTY OR REPRESENTATION WITH RESPECT TO THE SUBJECT ASSETS, AND BUYER ACKNOWLEDGES BY ITS ACCEPTANCE HEREOF THAT IT IS ACCEPTING ALL OF SELLER'S RIGHTS IN AND TO THE SUBJECT ASSETS "AS IS," "WHERE IS" AND WITHOUT IMPLIED OR EXPRESSED WARRANTY TO TITLE, POSSESSION, QUIET ENJOYMENT OR OF ANY KIND OR NATURE WHATSOEVER IN THIS DISPOSITION.

This General Conveyance and Bill of Sale may be executed in any number of counterparts, each of which shall constitute one and the same instrument, and either party hereto may execute this General Conveyance and Bill of Sale by signing any such counterpart. Transmission by telecopier, facsimile or other form of electronic transmission of an executed counterpart of this General Conveyance and Bill of Sale shall be deemed to constitute due and sufficient delivery of such counterpart.

IN WITNESS WHEREOF, Seller has caused this instrument to be duly executed this 29th day of December, 2009.

VALOREM LLC, as Seller

By: _____
Name: Brian Smith
Title: President

By: _____
Name: Walter Petzinger
Title: Secretary

Exhibit C

ACCEPTED AND AGREED TO:

DENOVUS CORPORATION, LTD., as Buyer

By: *(signature: Marcia McFadyen)*
Name: Marcia McFadyen
Title: President

Exhibit C

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RE: | ) | Case: 5:05-80003 |
| | ) | |
| Bertha Isabel Cervantes | ) | **AFFIDAVIT OF INDEBTEDNESS** |
| | ) | |
| Debtor(s) | ) | |

ORIGINAL CREDITOR: **TRUELOGIC FINANCIAL CORP**
WASHINGTON MUTUAL FINANCE ACCOUNT NUMBER: **FL040 03881630**
TRUELOGIC ACCOUNT NUMBER: **1984865**

I, **Edward L. Torchia, Executive Vice President** of **Denovus Corporation, Ltd.** under the penalty of perjury under the laws of the United States of America declare (or certify, verify or state) that the following statements and information are true and correct to the best of my knowledge:

1. I am over the age of 18 and competent to provide this affidavit;

2. I am the Executive Vice President for Denovus Corporation, Ltd., and an authorized signatory for Denovus Corporation, Ltd.;

3. I am familiar and have personal knowledge of following loan account currently held and owned by Denovus Corporation, Ltd;

4. True Logic Financial Corporation was the collection agent who filed proof of claim #18 on behalf of **Mile Holdings LLC** assignee of WASHINGTON MUTUAL FINANCE;

5. The account original owned by **Mile Holdings LLC** regarding account number **FL040 03881630** has been sold and is no longer the property of **Mile Holdings LLC**;

6. Pursuant to Proof of Claim #18 **Mile Rock Holdings, LLC** was the assignee of the credit card account original owned by **WASHINGTON MUTUAL FINANCE**;

7. **Mile Rock Holdings, LLC** sold and assigned the above referenced account to **Pallino Receivables III, LLC** on July 28th, 2006;

8. **Pallino Receivables III, LLC** sold and assigned the above referenced account to **Valorem LLC** on April 18th, 2008;

Page 1 of 2

Exhibit ___D___

9. Valorem LLC sold and assigned the above referenced account **Denovus Corporation, Ltd** on December 29th, 2009;

10. **Denovus Corporation, Ltd** is the current and rightful owner of the above referenced account and this claim has not been sold or assigned. It is still the property of **Denovus Corporation, Ltd**;

11. I have checked **Denovus Corporation, Ltd** internal system and have found that the above referenced account is due and owing to **Denovus Corporation, Ltd**;

12. An outstanding balance of **$3,414.36** still remains on this account;

13. I am request an order releasing the total amount of **$238.04**, which is the sum of all monies deposited in this case in the name of **TRUELOGIC FINANCIAL CORP** now currently owing to **Denovus Corporation, Ltd**.

I pray that the court will accept this affidavit as proof that **Denovus Corporation, Ltd** is the owner and/or servicer of this account and authorized to collect the unclaimed funds.

Dated 9-15-2013    By: _____
Edward L. Torchia, Executive Vice President

STATE OF PENNSYLVANIA    COUNTY OF WASHINGTON

On September 13, 2013 before me, personally appeared (insert name of the signer) **Edward L. Torchia** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

_____
Notary Public

(SEAL)    My commission expires on April 17, 2016

NOTARIAL SEAL
TERESA L JOHNSON
Notary Public
WASHINGTON CITY, WASHINGTON COUNTY
My Commission Expires Apr 17, 2016

Page 2 of 2

Exhibit D